```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


------------------------------x
                              :
JERRY MYERS,                  :
                              :
          Plaintiff,          :
                              :
v.                            : Civil No. 3:01CV02070(AWT)
                              :
RUDOLPH MARCONI, ET AL.,      :
                              :
          Defendant.          :
                              :
------------------------------x
```

### ENDORSEMENT ORDER

For the reasons set forth below, the defendants' Motion for Summary Judgment (Doc. No. 23) is hereby DENIED.

### Existence of a Property Interest

There exists a genuine issue of material fact as to whether the plaintiff had a property interest in the promotion by virtue of a mutually explicit understanding between the plaintiff, as the employee, and a governmental employer, including inter alia whether Marconi had authority, as First Selectman, to create such an understanding, and if he did whether his action was ratified by the Board of Selectmen -- assuming it was required to be. There also exists a genuine issue of material fact with respect to the defendants' argument that there was an absence of consideration for any promise by defendant Marconi. The court notes that the defendant argues that McMenemy v. City of

Rochester, 241 F.3d 279 (2d Cir. 2001) is similar to the instant case. However, in McMenemy the crucial factor was that "mutual understandings and customs could not create a property interest for purposes of due process when they are contrary to the express provisions of regulations and statutes." 214 F.3d at 287 (quoting Baden v. Koch, 638 F.2d 486, 492 (2d Cir. 1980)), and the defendants here have failed to meet their burden of demonstrating the presence of such express provisions of a regulation or statute addressing the promise the plaintiff contends Marconi made to him and was ratified by the Board of Selectman.

**State Board of Labor Relations**

The defendants argue that, even if the plaintiff had a property interest in a promise that was made to him, he was not deprived of due process because the procedures provided by the State Board of Labor Relations provided him with an adequate remedy. That argument is unavailing. The plaintiff properly cites to Fayer v. Middlebury, 258 F.3d 117, 125 (2d Cir. 2001) ("The Board of Labor Relations may only hear claims of violations of the state's labor relations code. See Conn. Gen. Stat. § 7-471(5). By statute, therefore, the Board had no authority to entertain Fayer's federal constitutional claims").

**Qualified Immunity; Legislative Immunity**

The defendants contend that the plaintiff cannot establish that Marconi violated clearly established constitutional rights,

2

but the plaintiffs provide no analysis as to why the right claimed by the plaintiff was not clearly established. Thus, they have failed to meet their initial burden on this issue. In any event, contours of the constitutional right asserted by the plaintiff in this case were clearly established by cases such as Perry v. Sindermann, 408 U.S. 593, 601 (1972) (property interests, for purposes of procedural due process protection, include "a broad range of interests that are secured by existing rules or understandings"); Baden, 638 F.2d at 492 ("mutual understandings and customs could not create a property interest for purposes of due process when they are contrary to the express provisions of regulations and statutes"); Ezekwo v. N.Y. City Health & Hosp. Corp., 940 F.2d 775, 783 (2d Cir. 1991) ("[h]ere, the 'policies and practices' of the institution were such that an entitlement to the position of Chief Resident existed . . ."). In addition, the court notes that the plaintiff sets forth at pages 22-23 of his Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (Doc. No. 29) ("Opposition Memorandum") a solid evidentiary basis for a conclusion that Marconi knew or reasonably should have known that the actions he took violated such a constitutional right.

The defendants merely assert in a footnote that defendant Marconi possesses absolute legislative immunity, citing Bogan v. Scott-Harris, 523 U.S. 44 (1998). In order for legislative

3

immunity to attach, the act in question must be taken "in the sphere of legitimate activity." Bogan, 523 U.S. at 54 (quoting Tenney v. Brandhove, 341 U.S. 367, 376 (1951)). "Discretionary personnel decisions, even if undertaken by public officials who are otherwise entitled to immunity, do not give rise to immunity because such decision-making is no different in substance from that which is enjoyed by other actors." Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 210-11 (2d Cir. 2003) (citing Forrester v. White, 484 U.S. 219, 229-30 (1988)). In Harhay, the Second Circuit reasoned as follows:

> Here, it is apparent that the Board members' actions with respect to Harhay's employment were administrative, not legislative, in nature. The Board did not engage in the kind of broad, prospective policymaking that is characteristic of legislative action. Instead, the Board "tabled" Berkowitz's resignation, a decision that was only directed to his situation and did not implicate any Board policy. We find unpersuasive the argument advanced by defendants that the fact that the employment decision here was made by a "vote" of the Board to "table" Berkowitz's resignation somehow alters the otherwise administrative nature of their actions. The Board members are not entitled to absolute legislative immunity because their acts were not quintessentially legislative, but rather were part of a process by which an employment situation regarding a single individual was resolved.

Harhay, 323 F.3d at 230.

Here, defendant Marconi was engaged in making an employment decision that was directed at one specific person and limited to that person's circumstances and, thus, he is not entitled to legislative immunity.

4

**Absence of an Official Policy or Custom**

The defendants argue that the Board of Selectmen as a whole (not the First Selectman alone) retained the power to promote individuals in the Fire Department. Assuming the Board of Selectmen retained the power to promote individuals in the Fire Department, a genuine issue of material fact exists as to whether the promise the plaintiff contends was made by Marconi was ratified by the Board of Selectmen as a whole.

It is so ordered.

Dated this 10th day of March 2006 at Hartford, Connecticut.

                                            /s/
                                    Alvin W. Thompson
                                 United States District Judge

5